## C. F. BRESEE & SONS v. H. D. STANLY.

*Contract of Infant—Ratification—Promise, to Amount to Ratification, must be Unconditional and Express.*

A conditional promise by one, after having reached his majority, to pay a note given during his infancy, the promise being hedged about with the statement that he would pay when he could do so without inconvenience to himself and with a refusal to fix a time for payment, does not amount to a ratification, since, in order to amount to a ratification of a voidable instrument by an infant, the promise must be unconditional, express, voluntary and with a full knowledge that he is not bound by law to pay the original obligation.

CIVIL ACTION, to recover $130 and interest, due by note alleged to have been executed by defendant to the plaintiff, tried on appeal from a Justice of the Peace by *Starbuck, J.,* and a jury, at May Term of LENOIR Superior Court.

The defendant pleaded infancy in avoidance of the note.

Plaintiff admitted on the trial the infancy of defendant at the time of the execution of the note, but relied upon

the affirmance and ratification of the contract by the defendant after arriving at full age.

The following issue was submitted: "Is defendant indebted to plaintiff, and, if so, in what sum?"

The defendant testified, as follows:

"I signed the note January 18, 1894. Became 21 years old September 12, 1895. At the time I signed the note I told the plaintiff's insurance agent, Mr. Jones, there was no use in doing so, as I was under age. A few days after I became of age Mr. Perry, the plaintiff's attorney, presented the note, saying he had it against me for collection, and asked if that was my signature. I told him it was my signature, but that I would not pay the note, and stated my reasons. He said he did not blame me, and left. A few days after this Mr. Perry and Mr. Jones came together to see me, Perry saying that they had come to see me again about the note. I said it was a just debt, and I would pay it if I ever got so that I could without inconvenience to myself. Mr. Perry then asked me if I would not fix some time at which I would pay the note. I replied I would not promise to pay the note in one year, nor in ten years, nor at any time.

"I own a tract of land, (worth about $1,600,) and a half-interest in a stock of goods—the whole stock worth about $2,000, and a horse and buggy worth $200."

There was other testimony for the plaintiff from other witnesses, relative to the conversation about which defendant testified, not necessary to be set out.

His Honor, after charging the jury as to the nature of an infant's contract, and as to what would constitute a ratification, directed the jury's attention to the defendant's testimony, and instructed that if his testimony was a cor-

rect account of what took place between him and the plaintiff's agents, he had not ratified the contract. To this instruction the plaintiff excepted.

The court directed the jury's attention to the testimony of the other witnesses, and explained the aspects of the evidence which would entitle the plaintiff to recover. To this part of the charges there was no exception.

Verdict for the defendant. Plaintiff moved for a new trial, on the ground of error in charging the jury that, according to the testimony of the defendant, he had not ratified the contract. Motion denied.

There was judgment for the defendant and plaintiffs appealed.

*Mr. George Rountree*, for plaintiffs (appellants).
No counsel, *contra.*

AVERY, J. : The defendant was sued on a note for $130, and it was admitted that he was not twenty-one years of age when he executed it. The plaintiff contends that the defendant ratified and affirmed the contract after his majority, even if his own testimony as to what he said to the plaintiff's agents is to be taken as true. He testified as follows : " I said it was a just debt and I would pay it, *if I ever got so that I could without inconvenience to myself.* Mr. Perry, plaintiff's agent, then asked me if I could not fix some time at which I would pay the note. I replied that I would not promise to pay the note in one year, nor in ten years, nor at any time." This promise, so carefully hedged about with saving conditions, recalled to the minds of some members of the Court the story of a settlement of accounts in Iredell county, which it is thought may with propriety be preserved as history in the judicial annals of the State. Mr. James solicited his

debtor, Huggins, to close an old open account by note. Huggins agreed to do so, provided he should be allowed to draught the instrument, and accordingly presented the creditor the following :

"I, John Huggins, agree to pay James James one hundred and fifty dollars *whenever convenient*, but it is understood that Huggins is not to be pushed. Witness my hand and seal this the_____day of_____
                    " JOHN HUGGINS (seal)."

But viewing his statement in its legal aspect, in order to amount to a ratification of a voidable agreement entered into by an infant, a promise, made after arriving at his majority, must be unconditional, " express, voluntary and with a full knowledge that he is not bound by law to pay the original obligation." *Alexander* v. *Hutchinson*, 2 Hawks, 535 ; *Dunlap* v. *Hales*, 2 Jones, 381. A case directly in point is that of *Dunlap* v. *Hales, supra*, where the infant, on arriving at full age, was sued on a note, given for slaves and wrote a letter in which he first proposed to surrender the slaves, and then added, " If they will not accept of the above offer I will have to pay them, I suppose, but I shall do so *at my convenience*, as it will be nothing less than a free gift on my part." A different principle is applicable to executed contracts, as to which ratification may be inferred from circumstances, (*Petty* v. *Rousseau*, 94 N. C., 355,) but the promise must always be express and unconditional in order to impart validity to such agreements as that sued on here. There is no error.
                              No Error.